```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED: 7/30/14                  │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MONICA OLIVEIRA,

                         Plaintiff,                              14-cv-4475 (PKC)

            -against-                                            MEMORANDUM
                                                                 AND ORDER

PRICE LAW FIRM and JOSHUA PRICE,

                         Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       Plaintiff Monica Oliveira, appearing pro se, brings this action against her attorney and his firm for legal malpractice, breach of contract, and fraud. At the direction of this Court, plaintiff filed an affirmation showing cause why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed such an affirmation on July 25, 2014. Because the complaint and the affirmation provide no basis for subject matter jurisdiction even under a liberal construction, the matter is dismissed.

### STANDARD OF REVIEW

       Courts have the inherent authority to dismiss a frivolous complaint sua sponte, even where a plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995)). An action is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court is obliged, however to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they <u>suggest</u>," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Familiarity with the facts set forth in this Court's Order to Show Cause of June 27, 2014 (the "Order") is assumed.  (Dkt. No. 3)  In response to the Order, Oliveira submitted an affirmation on July 25, 2014.  (Dkt. No. 5)  In her affirmation, Oliveira alleged for the first time that her case "falls under 42 U.S.C. [§] 1983," because defendant Price, through his alleged misconduct, was "aiding and abetting in discrimination against [Oliveira]."  (Aff. at 1)  Specifically, she alleges that Greg Harden, the president of her co-op board and Kyrous Realty, the management company of her building, engaged in ongoing harassment of Oliveira, and that Price and his law firm aided and abetted these actions in the course of his representation of Oliveira by withholding information about Price's relationship with Harden, disclosing her confidential information to Harden, and lying her about work on her case.  (<u>Id.</u>)  She alleges that "the on-going harassment and bullying by the management of the co-op building . . . and by the co-op board president . . . stem from discrimination because, among other prejudiced reasons, I am a woman of color and a domestic violence survivor."  (<u>Id.</u>)  Oliveira further alleges that a lawsuit filed against her by the co-op management company and president, in addition to being retaliatory, was discriminatory, because

> others complained of the above-mentioned issues at 36 West 35th Street but I was the only one sued in retaliation because Kyrous Realty and Greg Harden have made it clear to me since 2005 that I am not considered a "desirable" proprietary lessee/tenant for several prejudiced reasons, two of which are because I am a woman of color (of mostly South American and Sephardic Jewish descent) who is a survivor of domestic violence . . . .

(<u>Id.</u> at 2).

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited.  Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when diversity jurisdiction exists because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  See also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Diversity of citizenship requires that "no plaintiff and no defendant [be] citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998).  Because the complaint indicates that all parties are citizens of the State of New York, this action may not be maintained based on the Court's diversity jurisdiction.

"Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases 'arising under' federal law." Bracey v. Bd of Educ. of City of Bridgeport, 368 F.3d 108, 113 (2d Cir. 2004).  A case arises under federal law where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law."  Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983)).

In her complaint, Oliveira invokes the Court's federal question jurisdiction. However, as this Court indicated in the Order, her malpractice, fraud, and breach of contract claims against her attorney do not arise under federal law or depend on resolution of questions of federal law.  In her affirmation, Oliveira references 42 U.S.C. § 1983 and contends that the named defendants aided and abetted discriminatory harassment by the co-op board president and

building management company.  She further alleges that she first retained the services of the

defendants when she her co-op building's management company and the president of the co-op

board brought a "retaliatory, frivolous, and discriminatory lawsuit" against her, and that the

lawsuit was discriminatory because it was brought against her alone and not against other

complaining residents based on her race and status as a domestic violence victim.  Taken as a

whole, Oliveira's allegations appear to invoke a section 1983 claim under the Equal Protection

Clause of the Fourteenth Amendment based on differential adverse treatment on account of her

race and status as a domestic violence victim.

   To state a claim under section 1983, a plaintiff must allege that a person acting

under color of state law deprived him or her of a right secured by the Constitution or laws of the

United States.  42 U.S.C. § 1983.  Aside from the Thirteenth Amendment, our federal

constitution regulates only the conduct of government actors and not private parties.  Ciambriello

v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (citing Blum v. Yaretsky, 457 U.S. 991,

1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).  Accordingly, a plaintiff claiming that his or her

constitutional rights have been violated must first establish that the challenged conduct

constitutes "state action."  See Ciambriello, 292 F.3d at 323.

   "The traditional definition of acting under color of state law requires that the

defendant in a section 1983 action have exercised power possessed by virtue of state law and

made possible only because the wrongdoer is clothed with the authority of state law."  Kia P. v.

McIntyre, 235 F.3d 749, 755 (2d Cir. 2000) (quoting West v. Atkins, 487 U.S. 42, 49 (1988)).

Private conduct may become "so entwined with governmental policies or so impregnated with a

governmental character as to become subject to the constitutional limitations placed upon state

action."  Id. at 757 (citations and quotations omitted).  This occurs when the private parties "are

performing a function public or governmental in nature and which would have to be performed by the Government but for the activities of the private parties." Id. While a private individual may be considered a state actor if his or her conduct is fairly attributable to the state, neither government funding nor regulation, however extensive, is sufficient to confer section 1983 liability on private actors. See Leeds v. Meltz, 85 F.3d 51, 54 (2d Cir. 1996).

Here, Oliveira alleges that two non-parties, Harden and Kyrous Realty, harassed her and filed a lawsuit against her with a discriminatory motive based on her race and her status as a victim of domestic violence. She further contends that the defendants, her former attorney and his law firm, aided and abetted the discrimination of the non-parties by withholding information about his relationship with Harden, sharing her confidential information with Harden, and lying to her about his work on her case. Even if it is assumed that the defendants acted in concert with non-parties Harden and Kyrous Realty, and that all parties acted with a discriminatory motive, Oliveira has not alleged the existence of any state action. On this basis alone, she has failed to allege any violation of the Equal Protection Clause or any other constitutional right protected by section 1983. Nor do her allegations suggest any such violation even under the most liberal construction. Nothing in the complaint or affirmation indicates that Harden, Kyrous Realty, or the defendants, Joshua Price and Price Law Firm, acted under color of state law. The complaint and affirmation therefore do not assert any claims arising under the Court's federal question jurisdiction.

Accordingly, this action is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to close the case.

- 5 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 30, 2014